# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| TAYLOR MONICQUE MARSHALL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:18-cv-10687 |
| PALMER RECOVERY ATTORNEYS, PLLC f/k/a LAW OFFICES OF PALMER, REIFLER & ASSOCIATES, PLLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes TAYLOR MONICQUE MARSHALL ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PALMER RECOVERY ATTORNEYS, PLLC f/k/a LAW OFFICES OF PALMER, REIFLER, & ASSOCIATES, PLLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a 20 year old natural "person," as defined by 47 U.S.C. §153(39), residing at 3441 Corner Stone Boulevard, Detroit, Michigan, which lies within the Eastern District of Michigan.

5. Defendant "is a leading civil recovery law firm in the loss prevention/asset protection industry."[1] Defendant is a professional limited liability company organized under the laws of the state of Florida with its principal place of business located at 1900 Summit Tower Boulevard, Suite 600, Orlando, Florida.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] http://www.pralawfirm.com/

2

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. In approximately the fall of 2015, Plaintiff began receiving calls to her cellular phone, (313) XXX-8336, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8336. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has used several different phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to (888) 284-3185 and (888) 572-5637. Upon belief, it has used other numbers as well.

11. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

12. Upon answering phone calls from Defendant, Plaintiff experienced a recorded message prior to being connected with a live representative.

13. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon an outstanding debt ("subject debt") said to be owed by Plaintiff.

14. Frustrated with the persistent and incessant nature of Defendant's phone calls, Plaintiff demanded that the phone calls stop.

15. Despite Plaintiff's demands, Defendant continued to place repeated calls to her cellular phone throughout 2017.

16. Defendant has, on several occasions, placed multiple phone calls to Plaintiff's cellular phone on the same day, even after being told to stop calling.

17. For example, on March 3, 2016, Defendant called Plaintiff at least four times, with these four calls being placed almost simultaneously.

18. Plaintiff has received not less than 50 phone calls from Defendant since asking it to stop calling.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $62.00 to purchase and maintain an application on her cellular phone to help quell Defendant's calls. However, the communications have continued.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone

functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The recorded message that Plaintiff experiences prior to being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls. Moreover, the nature and frequency of Defendant's contacts, including placing multiple calls a day in very short succession, points to the involvement of an ATDS.

26. Defendant violated the TCPA by placing at least 50 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff never consented to receiving any phone calls from Defendant. Any consent that Plaintiff *may* have given to the originator of the subject debt, which Defendant will likely assert

5

transferred down, was specifically revoked by Plaintiff's demands that it cease contacting her.

27. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant willfully violated the TCPA. Armed with the knowledge that Plaintiff did not consent to receive calls to her cellular phone, Defendant continued its incessant and relentless campaign of collection calls.

WHEREFORE, Plaintiff, TAYLOR MONICQUE MARSHALL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

  b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

  c. Awarding Plaintiff costs and reasonable attorney fees; and

  d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

31. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

32. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

### a. Violations of M.C.L. § 339.915(f)(ii)

33. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

34. Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system after Plaintiff demanded that Defendant stop calling. As such, Defendant misrepresented its legal rights, as well as Plaintiff's legal rights to

have Defendant's phone calls cease, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

### b. Violations of M.C.L. § 339.915(n)

35. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

36. Defendant violated the MOC when it continued to call Plaintiff's cellular phone at least 50 times after she notified it to stop calling. The repeated and continuous contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, including multiple phone calls per day placed in very short succession, would naturally cause an individual to feel oppressed.

37. Further, Plaintiff told Defendant that its calls to her cellular phone were not welcome and were therefore inconvenient. Nevertheless, Defendant continued to place calls to her cellular phone. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to her.

### c. Violations of M.C.L. § 339.915(q)

8

38. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

39. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Plaintiff demanded that Defendant stop calling, yet the calls continued. The fact that calls were allowed to continue after becoming aware that its calls were not welcome highlights Defendant's lack of procedural safeguards in place to prevent a violation by its employee(s). As such, Defendant has failed to implement procedures designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

WHEREFORE, Plaintiff, TAYLOR MONICQUE MARSHALL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1).

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2).

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2).

 f. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: February 27, 2018         Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com