UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAYLOR MONICQUE MARSHALL,

    Plaintiff,

    v.

PALMER RECOVERY ATTORNEYS, PLLC,

    Defendant.

_____/

Case No. 18-cv-10687

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [#9]

### I. INTRODUCTION

Plaintiff, Taylor Monicque Marshall, is an adult residing in Detroit, Michigan. On February 27, 2018, Plaintiff filed the instant action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq.*, and the Michigan Occupational Code ("MOC"), M.C.L. 339.901 *et seq.*, against Defendant. Dkt. No. 1. Plaintiff claims that from 2015 throughout 2017, Defendant called her cellular phone not less than fifty times to collect an outstanding debt said to be owed by Plaintiff. *Id.* at pg. 3–4 (Pg. ID 3–4). Plaintiff demanded the phone calls to stop, but Defendant persisted in calling her. *Id.* On March 13, 2018, a process server served Defendant with the Summons and Complaint at its place of

business. Dkt. No. 6, pg. 2 (Pg. ID 17). Defendant had twenty one days to file its answer, until April 3, 2018. Defendant did not file an answer. On April 5, 2018, Plaintiff filed a Request for Clerk's Entry of Default with this Court. Dkt. No. 7. The Clerk entered a default that same day. Dkt. No. 8. On April 9, 2018, Plaintiff filed the present Motion for Default Judgment. Dkt. No. 9. Defendant did not file a response.

### III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A default judgment is governed by Fed. R. Civ. P. 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000); *see also Ramada Franchise Sys. Inc.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("Entry of a default . . . is a prerequisite to entry of a default judgment under Rule 55(b)."). Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages. *See Kelley v. Carr*, 567 F. Supp. 831, 840 (W.D. Mich. 1983). Thus, the plaintiff is required to provide proof of all damages sought in the complaint. *See John E. Green Plumbing and*

*Heating Co., Inc. v. Turner Constr. Co.*, 742 F.2d 965, 968 (6th Cir. 1984) ("We recognize that the law 'does not require impossibilities' when it comes to proof of damages, but it does require whatever 'degree of certainty tha[t] the nature of the case admits.'").

## IV. DISCUSSION

### A. Telephone Consumer Protection Act

The Telephone Consumer Protection Act prohibits using an automated telephone dialing system (ATDS) to call a person's cell phone without her consent. 47 U.S.C. § 227(b)(1)(iii). In this case, Plaintiff alleges that Defendant used an ATDS to call her cell phone not less than fifty times between 2015–2017. Dkt. No. 1, pg. 5 (Pg. ID 5). Plaintiff would hear a recorded message before being connected to a live representative, and would also receive multiple calls per day in short succession—leading Plaintiff to believe that Defendant used an ATDS. *Id.* Plaintiff further states in her complaint that she did not consent to these phone calls. *Id.* Based on Plaintiff's allegations, Defendant violated the TCPA.

The TCPA allows damages in the amount of $500.00 for each violation of the TCPA. 47 U.S.C. § 227(b)(3)(B). Plaintiff alleges that Defendant called her not less than fifty times in violation of the TCPA. Therefore, Plaintiff is entitled to statutory damages in the amount of $25,000.

### B. Michigan Occupational Code

The Michigan Occupational Code regulates collection agencies. Under the MOC, a collection agency may not misrepresent the legal rights of a creditor or debtor. M.C.L. § 339.915(f)(ii). In this case, Defendant was not legally authorized to call Plaintiff's cell phone using an ATDS without Plaintiff's consent. By calling Plaintiff, Defendant was misrepresenting that it was legally authorized to do so. Therefore, Defendant is liable under the MOC. The MOC also prohibits collection agencies from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly . . . ." *Id.* at § 339.915(n). Here, Defendant used the telephone to repeatedly call Plaintiff. Therefore, Defendant is also liable under § 339.915(n) of the MOC.

The MOC awards damages in the amount of $50.00 if a court finds for the plaintiff. M.C.L. § 339.916(2). The MOC also awards reasonable attorney's fees and court costs. *Id.* Here, the Plaintiff submitted a chart listing her attorney's fees as $3,562.50 and costs as $582.84.00, for a total of $4,415.34. Dkt. No. 9-2, pg. 3 (Pg. ID 33). Plaintiff's attorney also submitted an affidavit verifying that the attorney rates and fees are reasonable for attorneys with similar experience. Dkt. No. 9-3, pg. 3 (Pg. ID 36). Plaintiff requests damages under the MOC in the amount of $4,415.34. This Court finds that Plaintiff has established that her

attorney's fees are reasonable and will award Plaintiff $4,415.34 in attorney's fees and costs.

## V. CONCLUSION

For the reasons discussed herein, the Court will grant Plaintiff's Motion for default judgment. Plaintiff is awarded total damages in the amount of $29,415.34: $25,000 for violation of the TCPA, and $4,415.34 in attorney's fees and costs for violation of the MOC.

SO ORDERED.

Dated:   April 27, 2018

s/Gershwin A. Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge